# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 5, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| CHARLES STAUBER, | * | |
| | * | |
| Petitioner, | * | No. 16-1225V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
*Jennifer L. Reynaud*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 29, 2016, Charles Stauber ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he developed acute transverse myelitis, cervical myelopathy, residual myelomalacia, and syringomyelia as a result of receiving an influenza vaccination on October 24, 2014. *See* Petition, ECF No. 1. On December 14, 2018, the parties filed a stipulation, which the undersigned adopted as her Decision awarding damages on December 17, 2018. Decision, ECF No. 45.

On December 20, 2018, Petitioner filed an application for attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 49 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $47,302.35, representing $44,035.95 in attorneys' fees, $3,266.40 in attorneys' costs. Fees App at 1-2. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. D. Respondent responded to the motion on December 16, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 32. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although petitioner was not successful in pursuing his claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that petitioner brought his claim in a good-faith belief that his vaccination played a causal role in his injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for his attorneys: for Mr. Slane: $300.00 per hour for work performed in 2015, $325.00 per hour for work performed in 2016, $335.00 per hour for work performed in 2017, and $345.00 per hour for work performed in 2018; for Jimmy Zgheib, $200.00 per hour for work performed in 2015, $215.00 per hour for work performed in 2016 and $225.00 per hour for work performed in 2017; for AnnMarie Sayad,

$215.00 per hour for work performed in 2016, and $225.00 per hour for work performed in 2017; and for Christian Martinez, $200.00 per hour for work performed in 2018. Fees App. Tab A at 325. For the work of paralegals and law clerks, petitioners request amounts between $140.00 and $148.00 per hour for work performed from 2016-2018. *Id.* These rates are consistent with what Mr. Slane and his associates have consistently been awarded for their work within the Vaccine Program. Accordingly, no adjustment is necessary.

    **b. Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Petitioner requests compensation for 208.7 total hours billed by Mr. Slane and his associates. Fees App. Ex. 1 at 35. The undersigned has reviewed the submitted billing entries and while most of the time billed and tasks performed are reasonable, a small reduction to the overall amount of attorneys' fees to be awarded is required. Among the administrative/clerical tasks billed are time for preparing documents and exhibits for filing (examples on 9/12/16, 9/29/16, 9/30/16 among others) and time for booking travel accommodations (examples on 7/12/17 and 7/13/17). Fees App. Ex. 1 at 22 There are also several entries which, in the undersigned's experience, constitute excessive, redundant, or otherwise unnecessary billing. For example, time was billed reviewing CMECF notifications for documents just filed by Petitioner's own counsel and for minute entries, entries which are essentially boilerplate language generated by CMECF to memorialize a conference or hearing involving the Court and the parties, and billing even 0.1 hours for review of these entries is, in the undersigned's experience, likely excessive. *See Krieg v. Sec'y of Health & Human Servs.*, No. 16-1226V, 2018 WL 6427133, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018). There are also some instances of duplicate entries where one individually billed for review of a document twice (e.g., on 10/4/16 and 10/14/16, Mr. Zgheib billed consecutive entries for review of a routine scheduling order) or two individuals reviewed the same document when one review would suffice (entries on 8/15/18 and 11/28/18 for two paralegals each reviewing the 15 Week Stipulation Order). Some of these entries were also billed for time greater than 0.1 hours, which is excessive given the routine nature of many of these filings.

Overall, in an effort to administer "rough justice" the undersigned shall reduce the final award of attorneys' fees by **$1,000.00**. Petitioner is therefore awarded final attorneys' fees in the amount of **$43,035.95**.

    **c. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,266.40 in attorneys' costs. This amount consists of acquiring medical records, the

Court's filing fee, and travel expenses incurred due to meetings between Petitioner and Mr. Slane. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| Attorneys' Fees Requested | $44,035.95 |
|---|---|
| (Reduction to Total Hours) | - ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$43,035.95** |
|  |  |
| Attorneys' Costs Requested | $3,266.40 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,266.40** |
|  |  |
| **Total Amount Awarded** | **$46,302.35** |

**Accordingly, the undersigned awards a lump sum in the amount of $46,302.35, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Bruce W. Slane.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Katherine E. Oler
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).